JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant N.O. (hereinafter "appellant") appeals the trial court's decision ordering her child to be placed in the legal custody of the child's maternal aunt. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the trial court.
 I. {¶ 2} According to the record, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint for neglect and dependency with respect to two children, C.T. (d.o.b. 9/2/99) and J.R. (d.o.b. 3/27/03). Appellant is the natural mother of both boys. Greg Torres is the biological father of C.T. and Jovan Robinson is the father of J.R. The original complaint was for neglect and dependency. CCDCFS sought permanent custody of both boys. The children had been removed from appellant's home on May 27, 2003, pursuant to R.C. 2151.31(A)(3) and5153.16(A)(7).
 {¶ 3} The allegations of neglect and dependency stemmed from a variety of family circumstances. These circumstances included the fact that C.T. had previously been removed from appellant's home because of physical abuse by Robinson, who was then the appellant's boyfriend. Circumstances also included the allegation that Robinson was continuing to engage in acts of domestic violence against appellant in the presence of both boys and the assertion that Torres had provided no care or support and had not contacted C.T. for a period of several years.
 {¶ 4} On May 30, 2003, a magistrate issued a predispositional order relative to both children. Pursuant to this order, both boys were committed to the emergency care and custody of CCDCFS. A guardian ad litem was appointed to represent the children. On June 27, 2003, the juvenile court conducted an initial hearing on the complaint for neglect and dependency. Torres failed to appear at this hearing; however, appellant and Robinson were in attendance with their respective counsel. The juvenile court found, by clear and convincing evidence, that C.T. and J.R. were neglected and dependent as alleged in the amended complaint. The juvenile court submitted its written judgment entry, and the matter was set for a dispositional hearing on March 25, 2004.
 {¶ 5} Prior to the dispositional hearing, CCDCFS filed a motion to amend the agency's dispositional request from temporary to permanent custody with respect to J.R. On March 25, 2004, CCDCFS orally moved to withdraw its previously filed motion requesting permanent custody of J.R. The trial court permitted the motion to be withdrawn.
 {¶ 6} Testimony was taken from several witnesses as to what disposition would be in the best interest of the children. As part of the social worker's testimony, it was established that C.T. had been temporarily placed in the home of his maternal aunt, B.M., since June 2003. J.R. meanwhile was also temporarily placed in the home of a different maternal aunt, but had subsequently been moved to an agency foster home.
 {¶ 7} The guardian ad litem orally moved to amend her written recommendation regarding permanent custody of C.T. The juvenile court complied and awarded legal custody of C.T. to B.M., while placing J.R. in the temporary custody of CCDCFS.
 {¶ 8} The juvenile court recognized that neither B.M., nor CCDCFS acting on her behalf, had filed a written motion for legal custody prior to the dispositional hearing. Therefore, the juvenile court allowed the parties to submit such a motion within five days of the conclusion of the dispositional proceeding.
 {¶ 9} After the dispositional hearing, CCDCFS filed two motions on March 30, 2004. In its first motion, CCDCFS opposed the lower court's decision awarding legal custody of C.T. to B.M., on the ground that the guardian ad litem's oral motion was insufficient, as a matter of law, in the absence of a formal written motion for legal custody filed before the commencement of the dispositional hearing. In the alternative, CCDCFS filed a second motion seeking legal custody on behalf of the maternal aunt. Given that these motions were filed after the conclusion of the dispositional hearing and after the juvenile court had already announced its decision granting legal custody of C.T. to B.M., neither motion was ever formally ruled upon. Indeed, both motions appear to be pending in the juvenile court. Appellant filed her notice of appeal with this court on May 4, 2004.
 II. {¶ 10} Appellant's assignment of error states the following: "Pursuant to R.C. 2151.353(A)(3) and Juv.R. 34(D), the juvenile court erred as a matter of law in awarding legal custody of [C.T.] to his maternal aunt when no motion for such custody had been filed prior to the dispositional hearing."
 {¶ 11} R.C. 2151.353, disposition of abused, neglected or dependent child, specifically R.C. 2151.31(A)(1)-(3), states the following:
"(A) If a child is adjudicated an abused, neglected, or dependentchild, the court may make any of the following orders of disposition:
 "(1) Place the child in protective supervision;
 "(2) Commit the child to the temporary custody of a public childrenservices agency, a private child placing agency, either parent, arelative residing within or outside the state, or a probation officer forplacement in a certified foster home or in any other home approved by thecourt;
 "(3) Award legal custody of the child to either parent or to any otherperson who, prior to the dispositional hearing, files a motion requestinglegal custody of the child."
 {¶ 12} (Emphasis added.)
 {¶ 13} Juv.R. 34 governs dispositional hearings; Juv.R. 34(D) states the following:
"(D) Dispositional orders. — Where a child is adjudicated an abused,neglected, or dependent child, the court may make any of the followingorders of disposition:
 "(1) Place the child in protective supervision;
 "(2) Commit the child to the temporary custody of a public or privateagency, ither parent, a relative residing within or outside the state, ora probation officer for placement in a certified foster home or approvedfoster care;
 "(3) Award legal custody of the child to either parent or to any otherperson who, prior to the dispositional hearing, files a motion requestinglegal custody; * * *."
 {¶ 14} (Emphasis added.)
 {¶ 15} Procedural rules, such as those governing the filing and service of motions in the case sub judice, are designed to ensure orderly procedure in the courts and due process for all the litigants. Under the circumstances, we find the following admonition persuasive from the Ohio Supreme Court, i.e., not to ignore the requirements of such rules in this context:
"However hurried a court may be in its efforts to reach the merits of acontroversy, the integrity of the procedural rules is dependent uponconsistent enforcement because the only fair and reasonable alternativethereto is complete abandonment."
 {¶ 16} Miller v. Lint (1980), 62 Ohio St.2d 209, 215. See, also, Inre
 {¶ 17} Mayle, Cuyahoga App. Nos. 76739 and 77165, 2000-Ohio-3379.
 {¶ 18} Furthermore, in In re Mayle, this court not only held that the juvenile court's order granting legal custody in the absence of a motion was in violation of the mandatory statutory and procedural requirements of R.C. 2151.353 and Juv.R. 34, but that such order also was in direct contravention of Juv.R. 19 mandating that requests for relief be made by motion, Juv.R. 22(E) requiring that prehearing motions be filed at least seven days prior to the proceeding, Juv.R. 20 establishing filing and service requirements for written motions and other papers, and Civ.R. 5(D) imposing a proof of service requirement.
 {¶ 19} In the case at bar, appellant argues that the trial court erred by ordering her minor child placed in the legal custody of the child's aunt when no motion had been filed in accordance with R.C. 2151.353(A)(3). We find merit in appellant's argument.
 {¶ 20} It is undisputed in this case that a motion for legal custody was not filed with the juvenile court prior to the dispositional hearing in accordance with R.C. 2151.353(A)(3). In addition, the trial court's journal entry indicates that "[t]he mother, by and through her legal counsel agrees to the awarding of legal custody to the maternal aunt."[1]
However, no such agreement is reflected in the trial record. In fact, the trial transcript demonstrates that appellant's counsel explicitly argued against and objected to an order of legal custody to the maternal aunt on the grounds that no motion for legal custody had been filed as required by statute.[2]
 {¶ 21} If appellant agreed to such a disposition, she well may have waived the error on appeal. However, in this case the trial record does not demonstrate such an expression of agreement. Absent such agreement, and in the face of appellant's formal objection, the trial court erred in awarding legal custody of the child in the absence of a timely formal motion requesting such a disposition.
 {¶ 22} Compliance with the statutory mandates in R.C. 2151, et seq. and the rules of juvenile procedure is mandatory. Furthermore, this court has repeatedly held that any person wishing legal custody of a child must, prior to the dispositional hearing, file a written motion requesting such custody. Therefore, we find that the juvenile court erred as a matter of law in awarding legal custody of C.T. to his maternal aunt when no such motion for custody had been filed prior to the dispositional hearing.
 {¶ 23} Appellant's assignment of error is sustained.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.
[1] R. 55.
[2] Tr. 108.