**In re L.R.T.**

[Cite as *In re L.R.T.*, 165 Ohio App.3d 77, 2006-Ohio-207.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2005–03–071 and CA2005–04–082.

Decided Jan. 23, 2006.

Robin N. Piper, Butler County Prosecuting Attorney, and Michael A. Oster Jr. and Christina Dattilo, Assistant Prosecuting Attorneys, for appellant Butler County Children Services Board.

David F. Robertson Jr., for appellees, Elizabeth T. and Muriel Selevan.

Kathryn L. Roosa, guardian ad litem and appellant.

BRESSLER, Judge.

{¶ 1} Appellants, Butler County Children Services Board ("BCCSB") and L.R.T.'s guardian ad litem ("GAL"), appeal the decision of the Butler County Court of Common Pleas, Juvenile Division, overturning the magistrate's decision granting permanent custody of L.R.T. to BCCSB and granting legal custody to appellee, Muriel Selevan.

{¶ 2} On March 20, 2003, BCCSB filed a complaint of neglect and dependency on behalf of L.R.T., after his mother, Elizabeth T., tested positive for cocaine at the time of his birth. On September 3, 2003, the magistrate found L.R.T. to be a neglected and dependent child. On November 20, 2003, BCCSB filed a motion requesting permanent custody of L.R.T.

{¶ 3} The dispositional hearings were conducted before a magistrate from April through September 2004. Following the hearings, the magistrate granted BCCSB's motion for permanent custody. Elizabeth T. timely objected to the magistrate's decision, and the trial court overturned the magistrate's decision, denying BCCSB's motion for permanent custody and granting legal custody to appellee, who is L.R.T.'s great-aunt. BCCSB and the GAL separately appeal the trial court's decision, each raising two assignments of error. For the purpose of clarity, we will discuss appellants' assignments of error together and out of order.

{¶ 4} BCCSB's Assignment of Error No. 2:

{¶ 5} "The juvenile court erred as a matter of law by granting legal custody to Selevan, who had not complied with the mandatory statutory and procedural requirements, in direct contravention of the Juvenile Rules."

{¶ 6} GAL's Assignment of Error No. 1:

{¶ 7} "Due process was denied to the attorney/guardian ad litem and the state, parties to a permanent custody action, when the trial court judge sustained

objections to the magistrate's decision granting permanent custody and then gave legal custody to a non-party relative who failed to timely or properly file a motion for legal custody."

{¶ 8} Appellants argue that the trial court abused its discretion in overturning the magistrate's decision granting permanent custody of L.R.T. to BCCSB and subsequently granting legal custody of L.R.T. to his great-aunt. Appellants maintain that in making this decision, the trial court failed to act in accordance with the requirements of R.C. 2151.353 and Juv.R. 34. We agree.

{¶ 9} R.C. 2151.353(A)(3), which governs the disposition of an abused, neglected, or dependent child, provides, "If a child is adjudicated an abused, neglected, or dependent child, the court may * * * [a]ward legal custody of the child to either parent or to any person who, *prior to the dispositional hearing*, files a motion requesting legal custody of the child." (Emphasis added.) Juv.R. 34(D)(3) similarly provides, "Where a child is adjudicated an abused, neglected, or dependent child, the court may * * * [a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody."

{¶ 10} Juv.R. 19 requires that "[a]n application to the court for an order shall be by motion. While Juv.R. 19 provides that a motion may be made orally if permitted by the court, Juv.R. 22(E) requires that [e]xcept for motions filed under [Juv.R. 22(D)(5) ], *all pre-hearing motions* shall be filed by the earlier of (1) seven days *prior to the hearing*, or (2) ten days after the appearance of counsel." (Emphasis added.)

{¶ 11} It is undisputed that appellee Muriel Selevan failed to file a motion seeking custody of L.R.T. before the dispositional hearings began. While appellee appeared in court on April 28, 2004, which was the first day of the hearings, she did not make her request for legal custody of L.R.T. until after BCCSB had rested its case-in-chief on the final day of the hearings, which was August 18, 2004. When appellee did request custody of L.R.T., she did so orally, during her testimony at the final dispositional hearing on August 18, 2004. In fact, as of the beginning of the objection hearings on February 14, 2005, appellee still had not filed a motion requesting legal custody of L.R.T. Appellee finally filed the motion later that day.

{¶ 12} Appellants urge this court to adopt the view of the Eighth District Court of Appeals, which held in *In re C.T.*, Cuyahoga App. No. 84648, 2005-Ohio-887, 2005 WL 488914, ¶ 22, that compliance with R.C. 2151.353 and Juv.R. 34 is mandatory. In that case, the child's GAL orally requested an award of custody to the child's maternal aunt. Id at ¶ 7. Although neither the child's aunt nor the GAL filed a written motion for legal custody prior to the dispositional hearing, the juvenile court awarded custody of the child to his maternal aunt. Id. The

Eighth Appellate District reversed the juvenile court's decision, holding that the juvenile court erred in awarding legal custody to the minor's aunt when no motion for custody had been filed either by the minor's aunt or another party on her behalf before the dispositional hearing. Id at ¶ 22.

{¶ 13} We agree with the reasoning of the Eighth Appellate District in *In re C.T.* and hold that the trial court erred as a matter of law in awarding custody of L.R.T. to appellee when appellee had failed to file a motion for legal custody before the dispositional hearing. Any person who seeks an award of legal custody of a child must, in accordance with the Rules of Juvenile Procedure, file a motion, prior to the dispositional hearing, requesting such custody. Id.

{¶ 14} We recognize that this decision is inconsistent with our ruling in *In re Callier*, Brown App. Nos. CA2001-04-006 and CA2001-04-007, 2002-Ohio-2406, 2002 WL 1010081, ¶ 15, in which this court found that "the common concern evidenced in many of the cases [where no motion for custody was filed before the dispositional hearing], as in the instant case, is whether the aggrieved party received adequate notice that legal custody was a possibility and was given the opportunity to actively participate in the proceedings." Further, this court noted, "R.C. 2151.417(B) states that after a child has been adjudicated dependent and placed in an agency's custody, the court retains continuing jurisdiction over the child to amend the initial dispositional order and to review the child's custody arrangement or placement at any time, even on its own motion or upon the motion of an interested party, *as long as the parties receive notice and an opportunity to be heard.*" (Emphasis added.)

{¶ 15} However, we find that "[p]rocedural rules, such as those governing the filing and service of motions in the case sub judice, are designed to ensure orderly procedure in the courts and due process for all the litigants. Under the circumstances, we find the following admonition persuasive from the Ohio Supreme Court, i.e., not to ignore the requirements of such rules in this context: 'However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of the procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.'" (Citations omitted.) *In re C.T.*, 2005-Ohio-887 at ¶ 15–17, quoting *Miller v. Lint* (1980), 62 Ohio St.2d 209, 215, 16 O.O.3d 244, 404 N.E.2d 752.

{¶ 16} In addition, a "juvenile court's order granting legal custody in the absence of a motion [violates] the mandatory statutory and procedural requirements of R.C. 2151.353 and Juv.R. 34, [and also is] in direct contravention of Juv.R. 19 mandating that requests for relief be made by motion, Juv.R. 22(E) requiring that prehearing motions be filed at least seven days prior to the proceeding, Juv.R. 20 establishing filing and service requirements for written

motions and other papers, and Civ.R. 5(D) imposing a proof of service requirement." Id. at ¶ 18, citing *In re Mayle* (July 27, 2000), Cuyahoga App. Nos. 76739 and 77165, 2000 WL 1038189.

{¶ 17} Because appellee Selevan failed to file a motion requesting legal custody of L.R.T. at least seven days before the dispositional hearing, the trial court erred as a matter of law in awarding legal custody to her. As noted above, we recognize that this decision is inconsistent with our holding in *In re Callier*, and we find that the reasoning in that decision is not supported by statutory authority or case law. Accordingly, we hold that it is inappropriate to follow the reasoning used in *Callier* with respect to compliance with the procedural requirements set forth in R.C. 2151.353 and Juv.R. 34, and we hold that compliance with those procedural requirements is mandatory. BCCSB's second assignment of error and GAL's first assignment of error are sustained.

{¶ 18} BCCSB's Assignment of Error No. 1:

{¶ 19} "The trial court abused its discretion by overturning the magistrate's order granting BCCSB permanent custody of L.T. when it had not engaged in an independent review with a transcript containing all of the evidence submitted to the magistrate."

{¶ 20} In its first assignment of error, BCCSB argues that the trial court erred in denying its motion for permanent custody and granting legal custody to appellee based on a review of an incomplete record pursuant to Juv.R. 40. BCCSB's argument is well taken.

{¶ 21} Juv.R. 40(E)(3) governs objections to a magistrate's decision in a juvenile matter, and provides:

{¶ 22} " * * *

{¶ 23} "(b) * * * Objections shall be specific and state with particularity the grounds of objection.

{¶ 24} "(c) * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available."

{¶ 25} According to the record, the dispositional hearing was held on April 28, 2004, August 6, 2004, August 18, 2004, and September 16, 2004. Elizabeth T. objected to the magistrate's decision awarding permanent custody of L.R.T. to BCCSB, but failed to provide the trial court with a transcript of the first day of the dispositional hearing. Although the magistrate found that based on the evidence presented, granting permanent custody to BCCSB was in L.R.T.'s best interest, the trial court disagreed. After considering Elizabeth's objection,

counsel's arguments, and the available transcript, the trial court found, "[T]he child's best interest lies in placing him with a blood relative."

{¶ 26} We do not question the trial court's authority to disagree with a magistrate's best-interest determination, but we hold that it was inappropriate to do so without reviewing the transcript of the entire dispositional hearing. See *In re Woolridge* (Aug. 27, 1999), Hamilton App. No. C–980545, 1999 WL 650615. Absent a review of all of the evidence presented to the magistrate, the trial court lacked a sufficient basis to disregard the magistrate's findings and to render its own. Id. See, also, *In re E.B.*, Cuyahoga App. No. 85035, 2005-Ohio-401, 2005 WL 273028.

{¶ 27} GAL's Assignment of Error No. 2:

{¶ 28} "The trial court erred in denying the agency's motion for permanent custody and then granting legal custody when the decision was based on the fitness of the custodian rather than the best interest of the child as required by statute."

{¶ 29} Having determined that the trial court erred as a matter of law in awarding legal custody to appellee and that the trial court erred in failing to consider a complete record of the proceedings before the magistrate, this assignment of error is moot. See App.R. 12(A)(1)(c).

{¶ 30} The trial court's decision overruling BCCSB's motion for permanent custody and awarding legal custody to appellee is reversed, and this matter is remanded for proceedings consistent with this opinion. The trial court may adopt, reject, or modify the magistrate's decision, hear additional evidence, remand the matter to the magistrate with instructions, or hear the matter itself. See Juv.R. 40(E)(3)(b). In the event that the trial court chooses to reject or modify the magistrate's decision, it must first review transcripts of the entire dispositional hearing before rendering its judgment. We do not address the appropriateness or fitness of appellee as a custodian of L.R.T., and our decision does not preclude the trial court from awarding temporary custody of L.R.T. to appellee pursuant to R.C. 2151.353(A)(2). However, because appellee did not comply with the Rules of Juvenile Procedure, she may not be awarded legal custody of L.R.T.

{¶ 31} The judgment is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

POWELL, P.J., and WALSH, J., concur.