OPINION.
{¶ 1} These consolidated appeals arise from the juvenile court's June 6, 2007, decision granting permanent custody of Raja Boyd, Ramya Seldon, and Deasia Seldon to Hamilton County Jobs and Family Services ("HCJFS"). In granting permanent custody to HCJFS, the trial court sustained the objections of HCJFS and the children's guardian ad litem ("GAL") to a magistrate's March 1, 2007, decision that had denied permanent custody to HCJFS and granted custody of the children to Ramona Matthews, the paternal grandparent of Raja and Ramya.
 {¶ 2} This case has a lengthy history. We recite only the history necessary to determine this appeal. Shameika Boyd is the mother of Raja, Ramya, Deasia, and a fourth child, Tyonna Seldon. Raj Boyd is the father of Raja and Ramya. Henry Jones is the father of Deasia and Tyonna. All the Seldon/Boyd children were adjudicated dependent in December 2002; Deasia and Tyonna were additionally adjudicated abused. HCJFS was awarded temporary custody of the children in February 2003. The court placed Tyonna in a Planned Permanent Living Arrangement ("PPLA") at the request of HCJFS in January 2005. HCJFS moved for permanent custody of all four children in May 2005. Matthews moved for permanent custody of all four children in January 2006. Subsequently, the magistrate held hearings on the pending motions on 17 different dates.
 {¶ 3} In August 2006, the magistrate issued a decision and found that the children should not be placed with a parent. But the magistrate denied HCJFS's motion for permanent custody with regard to Tyonna and Deasia. Instead, the magistrate continued Tyonna's placement in the PPLA and also placed Deasia in a PPLA The magistrate held in abeyance HCJFS's petition for permanent custody of Raja and Ramya, as well as Matthews's petition for custody of all four children. The magistrate held the *Page 3 
petitions in abeyance until the completion of a home study and further investigation into the suitability of Matthews as a custodian for the four girls.
 {¶ 4} Objections were filed to the magistrate's August 2006 decision, but no transcripts were filed and docketed. The trial court sustained Shameika Boyd's, HCJFS's, and the GAL's objections to Deasia's PPLA status because HCJFS did not request the placement, as was required by statute.[1] As a result, the court instructed the magistrate to set aside the PPLA disposition for Deasia.
 {¶ 5} But the trial court overruled HCJFS's objection to the continuation of Tyonna's PPLA status. Additionally, the court overruled HCJFS's and the GAL's objections to the magistrate's decision to hold in abeyance the other motions for custody. The court remanded the case to the magistrate for further hearings pending the completion of the home study and further investigation into Matthews's suitability as a custodian.
 {¶ 6} In February 2007, the magistrate held an evidentiary hearing pursuant to the remand order. In March 2007, the magistrate issued a new decision that denied HCJFS permanent custody of Deasia, Raja, and Ramya, and instead awarded custody of these children to Matthews with protective supervision granted to HCJFS. The magistrate also denied custody of Tyonna to Matthews, thereby maintaining Tyonna's PPLA status. Both HCJFS and the GAL filed objections to this decision, but the transcript from the February hearing was not filed and docketed.
 {¶ 7} Although the magistrate had found that granting custody of Deasia, Raja, and Ramya to Matthews and denying permanent custody to HCJFS was in the best interest of the children based upon the evidence presented, the trial court disagreed. *Page 4 
Thus, the court sustained the objections and granted permanent custody of the three girls to HCJFS. The Seldon/Boyd children, Shameika Boyd, and Raj Boyd have appealed.
 {¶ 8} We begin by reviewing Shameika Boyd's assignment of error. She argues in part that the trial court abused its discretion in awarding permanent custody of Raja, Ramya, and Deasia to HCJFS. For the following reason, we agree.
 {¶ 9} An objection to a magistrate's factual finding must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding, or by an affidavit of that evidence if a transcript is not available.[2] The objector must file this transcript or affidavit with the court within 30 days of filing objections, unless the court extends the time in writing.[3] Once filed, the transcript or affidavit becomes a part of the record to be reviewed by the trial court and other reviewing courts. We note that the clerk of courts in accepting the filing must time-stamp the transcript and enter the receipt of the transcript in the appearance docket.[4]
 {¶ 10} "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence * * *."[5]
 {¶ 11} A trial court abuses its discretion in sustaining an objection to a factual determination of the magistrate if the trial court fails to independently review the evidentiary basis for the magistrate's factual determination or to create its own record.[6] *Page 5 
Likewise, a trial court abuses its discretion in disagreeing with a magistrate's best-interest determination without reviewing the transcripts from the entire dispositional hearing.[7]
 {¶ 12} Both HCJFS and the children's GAL objected to the magistrate's decision concerning the best interests of Deasia, Raja, and Ramja, asserting that the decision was against the manifest weight of the evidence. The record contains HCJFS's and the GAL's objections, but not the transcripts of the testimony presented at the various dispositional hearings.
 {¶ 13} In this case, the record does not indicate that the trial court completed an independent review of the record in sustaining the objections. None of the transcripts necessary to review the objections was properly made a part of the record by the objectors, who, we note, are not the appellants. Under these circumstances, the trial court acted unreasonably in sustaining the objections to the magistrate's best-interest determination.[8] Thus, the trial court abused its discretion, and we sustain Shameika Boyd's assignment of error for this reason.
 {¶ 14} Accordingly, we reverse the trial court's order and remand the case for further proceedings consistent with this decision, including the creation of an appropriate record and the trial court's reconsideration of the objections in light of the new record.
 {¶ 15} Our resolution of Shameika Boyd's assignment of error renders the assignments of error raised by the other appellants moot.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., and DINKELACKER, J., concur.
[1] See R.C. 2151.415. See, also, In re A.B., 110 Ohio St.3d 230,2006-Ohio-4359, 852 N.E.2d 1187.
[2] Civ.R. 53(D)(3)(b)(iii); Juv.R. 40(D)(3)(b)(iii).
[3] Id.
[4] See R.C. 2303.08. and 2303.13.
[5] Civ.R. 53(D)(4)(d); Juv.R. 40(D)(4)(d).
[6] See Wade v. Wade (1996), 113 Ohio App.3d 414, 418-419,680 N.E.2d 1305.
[7] See In re L.R.T., 165 Ohio App.3d 77, 2006-Ohio-207,844 N.E.2d 914, at ¶ 26 (citing In re Wooldridge [Aug. 27, 1999], 1st Dist. No. C-980545, and holding that the trial court lacked a sufficient basis to disregard the magistrate's best-interest determination and to render its own best-interest determination absent a review of all the evidence presented to the magistrate).
[8] See In re L.R.T., 2006-Ohio-207, at ¶ 26. *Page 1