[Cite as *In re J.P.*, 2016-Ohio-7.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | | CASE NOS. CA2015-08-160 |
| J.P., et al. | : | CA2015-08-161 |
| | : | O P I N I O N |
| | | 1/4/2016 |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2013-0377

Dawn Garrett, 9435 Waterstone Blvd., Suite 140, Cincinnati, Ohio 45249, guardian ad litem

Helen Allen, 315 East Maple Drive, Glenwood, IL 60425, appellant, pro se

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Children Services

**RINGLAND, J.**

{¶ 1} Appellant, Helen Allen, appeals pro se from the decision of the Butler County Court of Common Pleas, Juvenile Division, denying her complaint for legal custody, and instead, granting permanent custody of two children to appellee, the Butler County Department of Job and Family Services (BCDJFS). For the reasons detailed below, we affirm.

{¶ 2} Ju.P. and Jo.P. are twins born on July 11, 2013. The minor children were placed in the temporary custody of BCDJFS one day after their birth. Since their release from the hospital, the children have remained in the care of the same foster parents since they were four days old. Appellant is a distant relative who has never met the children.[1]

{¶ 3} Throughout the pendency of the proceedings, the children's mother failed to comply with the case plan requirements and failed to remedy her severe behavioral issues, which necessitated BCDJFS involvement. In fact, Mother was arrested four separate times while involved with BCDJFS, including one instance in which she was convicted of assault and child endangering after she intentionally drove into the vehicle of another person following an altercation.

{¶ 4} On January 20, 2015, BCDJFS filed a motion for permanent custody with the final hearing occurring on June 10, 2015. On the day of the permanent custody hearing, appellant filed a motion for legal custody, which the trial court denied on the basis that the motion was untimely and not properly served on the parties. Following the introduction of testimony, the trial court granted permanent custody in favor of BCDJFS. Appellant now appeals the decision of the trial court, raising one assignment of error for review.[2]

{¶ 5} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR PERMANENT CUSTODY OF MINOR CHILD[REN] AND THAT DENIAL WAS NOT IN THE BEST INTEREST OF THE CHILD.

{¶ 6} In her sole assignment of error, appellant argues the trial court erred in denying her request for custody that she filed on the day of the final permanent custody hearing. In

---

1. The record is unclear as to the nature of the relationship between appellant and the children. According to the testimony of the children's mother offered during the permanent custody hearing, appellant is "the first cousin or something like that" to the children's paternal grandmother. In her reply brief, appellant claims she is the "third cousin to the putative father."

2. This court affirmed the trial court's grant of permanent custody to BCDJFS in *In re J.P.*, 12th Dist. Butler Nos. CA2015-08-145, CA2015-08-146, and CA2015-08-147, ___-Ohio-___.

so doing, appellant alleges the decision to grant permanent custody was not in the children's best interest, especially in light of the fact that she, as a family member, was willing to care for the children. We disagree.

{¶ 7} As an initial matter, we note that contrary to appellant's assignment of error, she could not have filed a motion for permanent custody of the children. A motion for permanent custody is filed on behalf of a public children's services agency or a private child-placing agency and, if granted, terminates the natural parent's constitutionally protected liberty interest in the care and custody of their child. Juv.R. 2(Z). Rather, appellant was seeking to obtain legal custody of the children. Juv.R. 2(V).

{¶ 8} In the case *In re L.R.T.,* 165 Ohio App.3d 77, 2006-Ohio-207 (12th Dist.), this court held that compliance with R.C. 2151.353 is mandatory and established a mandatory requirement that a non-parent file a motion for legal custody. *Id.* at ¶ 17; *In re C.P.*, 12th Dist. Brown No. CA2010-12-025, 2011-Ohio-4563, ¶ 21. Pursuant to R.C. 2151.353(A)(3), a motion for legal custody must be filed prior to the dispositional hearing and should be read in conjunction with Juv.R.19, which requires that "an application to the court for an order shall be by motion." Juv.R. 22(E) further requires that "all prehearing motions shall be filed by the earlier of: (1) seven days prior to the hearing, or (2) ten days after the appearance of counsel."

{¶ 9} In *L.R.T.*, this court analyzed the statute and found "that 'procedural rules, such as those governing the filing and service of motions in the case sub judice, are designed to ensure orderly procedure in the courts and due process for all the litigants.'" *Id.* at ¶ 15, quoting *In re C.T.*, 8th Dist. Cuyahoga No. 84648, 2005-Ohio-887, ¶ 15-17. As a result, this court found:

> [A] juvenile court's order granting legal custody in the absence of a motion [violates] the mandatory statutory and procedural requirements of R.C. 2151.353 and Juv.R. 34, [and also is] in

direct contravention of Juv.R. 19 mandating that requests for relief be made by motion, Juv.R. 22(E) requiring that prehearing motions be filed at least seven days prior to the proceeding, Juv.R. 20 establishing filing and service requirements for written motions and other papers, and Civ.R. 5(D) imposing a proof of service requirement.

*Id.* at 16, citing *C.T.*, at ¶ 18 and *In re Mayle*, 8th Dist. Cuyahoga Nos. 76739 and 77165, 2000 WL 1038189 (July 27, 2000).

{¶ 10} In the present case, appellant failed to comply with the mandatory statutory and procedural requirements for obtaining legal custody of the children. Here, the children have been in agency custody since they were one day old and have remained in the care of a nurturing foster family over the approximately 23 months that these proceedings were pending prior to the final permanent custody hearing. On the day of the final hearing, appellant filed her request for legal custody, which was also not properly served upon the parties. As appellant failed to file a motion requesting legal custody in compliance with R.C. 2151.353, the trial court, as a matter of law, could not have awarded her legal custody. Accordingly, the trial court did not err in denying her motion for custody of the children and appellant's single assignment of error is overruled.

{¶ 11} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.

- 4 -