[Cite as *In re G.M.*, 2025-Ohio-1362.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: G.M. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| | : | |
| | : | |
| | : | Case No. 2025 AP 01 0003 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 24JN00291

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            April 17, 2025

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

ROBERT BARGA                     TUSCARAWAS COUNTY JOB &
LANE DAILY                       FAMILY SERVICES
320 Main Street                  ANDREW R. FLOOR
Zanesville, OH  43701            389 16th Street SW
                                 New Philadelphia, OH  44663

                                 Guardian ad Litem

                                 NICHOLAS DOUGHTY
                                 401 Tuscarawas Street
                                 Suite 201
                                 Canton, OH  44702

                                 Guardian – Mother

                                 MARK PERLAKY
                                 Counsel for ONI
                                 120 N. Broadway Street
                                 New Philadelphia, OH  44663

*King, J.*

{¶ 1} Appellant, Maternal Grandmother M.M. (Grandmother), appeals the December 12, 2024 judgment of the Tuscarawas County Court of Common Pleas Juvenile Division which dismissed Grandmother's motion for legal custody of G.M. as untimely filed pursuant to Juv.R. 22 (E) and excused Grandmother and her attorneys from the December 9, 2024 disposition hearing. Plaintiff-Appellee is the Tuscarawas County Department of Job and Family Services (TCJFS).

## FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter began with competing Applications for Appointment of Guardian for S.M., who is G.M.'s mother. Grandmother and the Ohio Network for Innovation (ONI) each filed applications for the guardianship of the person only of S.M. S.M. is incompetent due to developmental disabilities. On September 10, 2024, the trial court appointed ONI as the guardian of the person only of S.M., and placed G.M. in the temporary custody of TCJFS by emergency ex parte order. On September 12, 2024, G.M. was placed in the temporary custody of TCJFS.

{¶ 3} On September 26, 2024, Grandmother filed a Motion to Intervene in the custody matter. Grandmother argued she had acted in loco parentis for G.M. since his birth and prior to his removal from the home. She further stated she planned to file a motion for legal custody of G.M. TCJFS filed a memorandum contra. A hearing was held on the matter on November 5, 2024. Tuscarawas County Common Pleas Juvenile Division Judge Wilgus found Grandmother had not acted in loco parentis and denied the motion to intervene. Grandmother did not appeal the judgment.

{¶ 4}   An adjudicatory hearing was held on November 13, 2024. The magistrate found G.M. was a dependent child, and TCJFS had made reasonable case plan efforts and reasonable efforts to identify and engage appropriate and willing kinship placements. The matter was set for a disposition hearing on December 9, 2024.

{¶ 5}   On November 20, 2024, Grandmother filed an objection to and a motion to set aside the November 6, 2024 judgment denying her motion to intervene and a second motion to intervene. TCJFS filed a memorandum contra and a motion to dismiss. The trial court set the matter for hearing on December 3, 2024. On December 3, 2024, counsel for Grandmother moved to dismiss the objection and motion to set aside. The trial court dismissed both motions with prejudice.

{¶ 6}   Also on December 3, 2024, Grandmother filed a motion for legal custody of G.M. The trial court set the matter for hearing on December 9, 2024, the same day as the previously scheduled dispositional hearing.

{¶ 7}   On December 9, 2024, the magistrate dismissed Grandmother's motion for legal custody and excused Grandmother and her attorneys from the hearing. The magistrate found the motion was untimely filed pursuant to Juv.R. 22(E), which requires all prehearing motions to be filed at least seven days prior to the hearing. Grandmother did not object to the magistrate's ruling. On December 12, 2024, the magistrate issued dispositional orders which included maintaining G.M. in the temporary custody of the TCJFS.

{¶ 8}   Grandmother filed an appeal and the matter is now before this court for consideration. She raises three assignments of error as follow:

I

{¶ 9}   "THE TRIAL COURT PLAINLY ERRED WHEN IT APPLIED OHIO RULES OF JUVENILE PROCEDURE 22(E) INSTEAD OF OHIO RULES OF JUVENILE PROCEDURE 34(D)(3) TO THE TIMELINESS OF APPELLANT'S MOTION FOR CUSTODY IN THE UNDERLYING CASE."

II

{¶ 10} "THE TRIAL COURT PLAINLY ERRED WHEN IT APPLIED OHIO RULES OF JUVENILE PROCEDURE 22(E) INSTEAD OF OHIO REVISED CODE SECTION 2151.33(A)(3) TO THE TIMELINESS OF APPELLANT'S MOTION FOR CUSTODY IN THE UNDERLYING CASE."

III

{¶ 11} "THE TRIAL COURT PLAINLY ERRED WHEN IT DISMISSED APPELLANT'S MOTION FOR CUSTODY AS UNTIMELY FILED, AND PROCEEDED WITHOUT HER."

Failure to Object

{¶ 12}  As an initial matter, we note Grandmother failed to object to the magistrate's decision to dismiss her motion for legal custody based on untimely filing. Grandmother has therefore forfeited all but plain error.

{¶ 13} The application of a plain error review is limited to ". . . extremely rare situations in which the plain-error doctrine must be invoked in order to prevent a manifest miscarriage of justice, since the result reached by the trial court is patently" contrary to law. *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223-24 (1985). "[T]he doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error,

left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 1997-Ohio-401, syllabus.

{¶ 14} Grandmother's assignments of error will therefore be reviewed for plain error.

### I, II, III

{¶ 15} Because they are interrelated, we discuss Grandmother's assignments of error together. In her first assignment of error, Grandmother argues the magistrate plainly erred in applying the time constraints contained in Juv.R. 22(E) to her motion for legal custody. She argues instead, that Juv.R. 34(D) is the applicable rule. In her second assignment of error, Grandmother argues the magistrate plainly erred by applying Juv.R. 22(E) instead of Juv.R. 34(D), codified as Ohio Revised Code section 2151.353 to the timeliness of her motion for legal custody. Grandmother's third assignment of error argues the magistrate plainly erred by dismissing her motion for legal custody as untimely and proceeding without her.

### Analysis

{¶ 16} Juv.R. 19 requires that "[a]n application to the court for an order shall be by motion."

{¶ 17} Juv.R. 22 governs the timing of motions. The rule states in relevant part:

(D) Prehearing Motions. Any defense, objection or request which is capable of determination without hearing on the allegations of the complaint may be raised before the adjudicatory hearing by motion.

* * *

(E) Motion Time. Except for motions filed under division (D)(5) of this rule, *all prehearing motions* shall be filed by the later of:

(1) seven days prior to the hearing, or

(2) ten days after the appearance of counsel.

{¶ 18} Emphasis added.

{¶ 19} Grandmother argues Juv.R. 22 is inapplicable because her motion for legal custody was not "capable of determination without hearing" pursuant to Juv.R. 22(D). Instead, Grandmother argues Juv.R. 34(D) is applicable to motions for legal custody. That rule addresses dispositional orders and states in relevant part:

> (D) Dispositional Orders. If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
>
> (1) Place the child in protective supervision;
>
> (2) Commit the child to the temporary custody of a public or private agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home or approved foster care;
>
> (3) Award legal custody of the child to either parent or to any other person who, *prior to the dispositional hearing, files a motion requesting legal custody*; . . .

{¶ 20} Emphasis added.

{¶ 21} Grandmother also argues the magistrate plainly erred by applying Juv.R. 22(E) rather than R.C. 2151.353(A)(2) to the timeliness of her motion. That section mirrors Juv.R. 34(D), stating in relevant part, "[i]f a child is adjudicated an abused, neglected, or dependent child, the court may . . . [a]ward legal custody of the child to either parent or to any person who, prior to the dispositional hearing, files a motion requesting legal custody of the child."

{¶ 22} Grandmother understands Juv.R. 34(D)(3) and R.C. 2151.353(A)(3) as meaning a motion for legal custody may be filed at any time before the dispositional hearing. We disagree. As the Twelfth District has noted:

> R.C. 2151.353(A)(3)'s requirement that the motion for legal custody be filed prior to the dispositional hearing should be read in conjunction with Juv.R.19, which requires that "an application to the court for an order shall be by motion." Juv.R. 22(E) further requires that "*all prehearing motions* shall be filed by the earlier of: (1) seven days prior to the hearing, or (2) ten days after the appearance of counsel." Beyond the importance of formal notice, a filing prior to the dispositional hearing demonstrates a commitment by the party requesting custody to the responsibilities involved in the care and custody of a young child. Last minute, "hallway pressure" is eliminated by the requirement of filing in advance.

{¶ 23} *In re C.P.* 2011-Ohio-4563 ¶ 23 (12th Dist.), emphasis added; accord *In re L.R.T*, 2006-Ohio-207, ¶ 13, (12th Dist.); In re C.T. 2005-Ohio-887, ¶ 18-22 (8th Dist.) ("Compliance with the statutory mandates in R.C. 2151, et seq. and the rules of juvenile procedure is mandatory.")

{¶ 24} Our reading of Juv.R. 34(D) and R.C. 2151.353(A)(3) is that each applies only to what a trial court may do at a dispositional hearing after having determined at an adjudicatory hearing that a child is dependent, neglected, or abused, and to whom the trial court may award legal custody. Juv.R. 22(E) applies to the timing requirements of motions made before a dispositional hearing. It is undisputed that Grandmother failed to timely file a motion for legal custody of G.M., and further failed to object to the magistrate's decision dismissing her untimely motion and excluding her from the dispositional hearing. We find a timely motion for legal custody pursuant to Juv.R. 22(E) must precede the dispositional hearing. Accordingly, we find no error, plain or otherwise. Grandmother's three assignments of error are overruled.

{¶ 25} The judgment of the Tuscarawas County Court of Common Pleas. Juvenile Division, is affirmed.


By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.