[Cite as *In re L.A.*, 2014-Ohio-894.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: L.A., Q.T., J.T., A.T., T.T. | : | APPEAL NOS. C-130701 |
| | | C-130702 |
| | : | TRIAL NO. F03-2136(z) |
| | : | *O P I N I O N.* |

Civil Appeals From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 12, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.*, Assistant Prosecuting Attorney, for Appellant Hamilton County Department of Job and Family Services,

*Allison McWhorter*, for Appellant Attorney/Guardian Ad Litem,

*Phyliss Schiff*, for Appellees L.A. and Q.T.,

*Melanie Walls*, for Appellee Mother.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}    After an adjudication of dependency, the children were placed in the temporary custody of appellant Hamilton County Department of Job and Family Services ("HCJFS") in March 2011.  HCJFS eventually moved for permanent custody of the children.  This motion was supported by appellant Allison McWhorter, the attorney-guardian ad litem for the children ("GAL").  Due to a conflict between their wishes and the GAL's recommendation, separate counsel was appointed for two of the children, L.A. and Q.T.  Following a hearing on HCJFS's motion, the magistrate awarded permanent custody of the children to HCJFS in September 2012.  The mother, the father of all the children except L.A., the maternal grandparents, and L.A. and Q.T. filed objections to the magistrate's decision.

{¶2}    Eighteen months later, the juvenile court finally ruled on the objections, specifically stating in the written decision that the "court did not review the transcripts."  In its decision, the juvenile court rejected the magistrate's decision awarding permanent custody to HCJFS and remanded the case to the magistrate for a new hearing to determine whether the "grandparents and parents, except Ms. Fields" would be appropriate placement for the children.  The court further ordered that the children remain in foster care under orders of protective supervision, but specifically noted that HCJFS lacked temporary custody of the children because it had expired by operation of law.  Finally, the court directed HCJFS to investigate the suitability of the mother and the maternal grandmother as legal custodians of the children.

{¶3}    HCJFS and the GAL each filed a notice of appeal from the trial court's judgment.  They each then moved this court for an emergency stay of the trial court's judgment pending the outcome of their appeals.  We granted the stay.  The appellees,

the mother and Q.T. and L.A., moved to dismiss the appeals, arguing that this court had no jurisdiction because there was no final appealable order. We disagree, and deny the appellees' motions to dismiss.

{¶4} To constitute a final, appealable order, a judgment must meet the requirements of R.C. 2505.02 as well as Civ.R. 54(B), if applicable. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). R.C. 2505.02(B)(2) defines a final order as "an order that affects a substantial right in a special proceeding." There is no dispute that a custody hearing is a special proceeding as defined under R.C. 2505.02(A)(2). *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43. Thus, the issue here is whether the trial court's order affected a substantial right. A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). An order that affects a substantial right is generally one that "if not immediately appealable, would foreclose appropriate relief in the future." *Adams* at ¶ 44, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶5} The Ohio Supreme Court has concluded that a guardian ad litem has a substantial right affected in the outcome of a permanent-custody hearing because of the guardian's statutory obligation to ensure that the child's best interests are enforced and protected. *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 14. Based on that conclusion, the court in *C.B.* held that "when a trial court denies a children-services agency's motion to modify temporary custody to permanent custody, terminates the placement of temporary custody with the agency, and awards legal custody to a parent, the order is final and appealable." *Id.* at ¶ 15. With respect to a children-services agency, the Ohio Supreme Court has held that

3

when a trial court denies a children-services agency's motion to modify temporary custody to permanent custody and continues temporary custody with the agency, there is no final appealable order. *Adams* at ¶ 45.

{¶6} Here, the juvenile court denied HCJFS's motion to modify temporary custody to permanent custody and ordered that the children remain in their current placement in foster care. But the court, unlike the *Adams* court, did not continue the children in the temporary custody of HCJFS and, unlike the *C.B.* court, did not award custody to anyone. We hope that this particular order is an anomaly as we can find no other case where a juvenile court has failed to continue temporary custody with a children-services agency and also failed to award custody to anyone. Since the children's placement with foster parents was made possible through HCJFS's temporary custody of the children, it is unlikely that they will be able to remain in their foster care placement. Thus, because neither temporary nor permanent custody of the children was awarded to a specific person or HCJFS, the court's order leaves the children without a safe and secure placement.

{¶7} Because of the unique and specific circumstances of this case, we find that both the GAL and HCJFS had a substantial right affected by the court's order. As noted, the GAL has a statutory obligation to protect the children's best interests and thus, has a substantial right affected by the trial court's order. We can safely say that it is not in a child's best interest to be left without, at the very least, a temporary safe and secure placement. Likewise, HCJFS has a substantial right affected as it has a statutory duty to protect the best interests of the children after the court ordered the agency to continue to investigate the suitability of the mother and maternal grandmother as legal custodians. *See* R.C. 5153.16(A)(4) (mandating that a children-services agency provide a level of care that the agency considers to be in the best

4

interest of the children); *see generally In re C.L.M.*, 8th Dist. Cuyahoga No. 99622, 2013-Ohio-4044, ¶ 15-17.

{¶8} Having determined that we have jurisdiction to hear the appeals, we address the merits of the appeals. Both HCJFS and the GAL raise an assignment of error essentially arguing that the juvenile court's decision denying HCJFS's motion to modify temporary custody to permanent custody was an abuse of discretion. For the following reason, we agree.

{¶9} An objection to a magistrate's factual finding must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding, or by an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii); Juv.R. 40(D)(3)(b)(iii). Once filed, the transcript or affidavit becomes a part of the record to be reviewed by the trial court and other reviewing courts. "A trial court abuses its discretion in sustaining an objection to a factual determination of the magistrate if the trial court fails to independently review the evidentiary basis for the magistrate's factual determination or to create its own record. Likewise, a trial court abuses its discretion in disagreeing with a magistrate's best-interest determination without reviewing the transcripts from the entire dispositional hearing." *In re Seldon/Boyd Children*, 1st Dist. Hamilton Nos. C-070440, C-070441 and C-070481, 2007-Ohio-5123, ¶ 11.

{¶10} Here, the record demonstrates that transcripts of the children's dispositional hearing were filed with the trial court. The trial court, in sustaining objections to the magistrate's decision granting permanent custody to HCJFS, specifically stated in its entry that it had not reviewed the transcripts before ruling on the objections. This was an abuse of discretion. Accordingly, we sustain HCJFS's

5

single assignment of error and the GAL's first assignment of error. The GAL's remaining assignment of error is moot.

{¶11}  Therefore, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion, including the court's reconsideration of the objections after reviewing the transcripts filed in this case.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.**, and **DEWINE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.