[Cite as *Marafiote v. Estate of Marafiote*, 2016-Ohio-4809.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANTHONY M. MARAFIOTE | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 14 MA 0130 |
| VS. | ) | |
| | ) | OPINION |
| ESTATE OF VITO MARAFIOTE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 2011 CV 3458

JUDGMENT:                      Affirmed.

APPEARANCES:
For Plaintiff-Appellant        Attorney Christopher Lacich
                               Roth, Blair, Roberts, Strasfeld & Lodge
                               100 East Federal Street, Suite 600
                               Youngstown, Ohio 44503

For Defendants-Appellees       Attorney Jay Blackstone
                               WPA Memorial Building
                               Suite 401-A, 132 S. Broad Street
                               Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 30, 2016

DeGENARO, J.

**{¶1}** Anthony Marafiote, Plaintiff-Appellant, appeals the Mahoning County Common Pleas Court's decision denying his request for attorney's fees against Defendants-Appellees, the Estate of Vito Marafiote, John Marafiote and Frank Marafiote. For the reasons discussed below, the trial court did not abuse its discretion in failing to award Anthony his attorney's fees or in denying his motion for default judgment. Nor did Anthony demonstrate that the trial court failed to conduct an independent review of the magistrate's decision. Accordingly, Anthony's arguments are meritless and the decision of the trial court is affirmed.

## Facts and Procedural History

**{¶2}** Anthony Marafiote filed a complaint in the Mahoning County Court of Common Pleas against his father, Vito, and his brothers, John and Frank, (or Defendants, as appropriate) alleging that they were depriving him of certain personal property located in Vito's Ambert Avenue residence, and further, that they were preventing him from receiving the legal deed to real estate on Loveland Avenue. Anthony also requested punitive damages based on the "outrageous and egregious conduct of Defendants."

**{¶3}** Vito, John and Frank filed an answer generally denying Anthony's complaint and asserting various affirmative defenses. Vito died less than a year later and his estate was substituted as a party.

**{¶4}** Pursuant to a magistrate's decision, a partial agreement was entered. On appeal the parties differ on the specific terms of what that agreement entailed. Anthony states that pursuant to the agreement he returned a shotgun to his father and in exchange Vito deeded Loveland Avenue to Anthony as well as permitting him to retrieve personalty in Vito's possession. Defendants contend that the agreement provided that the personalty located at Ambert Avenue would be turned over to Anthony, who would return the shotgun, but that the settlement agreement did not include Loveland Avenue because it had previously been deeded to Anthony.

**{¶5}** Although the exchange of all personal and real property occurred, the litigation continued as Anthony sought fees, damages and costs via two amended

complaints. Leave was clearly granted the first time. However, due to conflicting magistrate's decisions as discussed below, there was confusion as to if and when leave was granted to file the second amended complaint.

{¶6}   The defendants concede that they failed to timely file an answer to Anthony's second amended complaint. Anthony filed for default judgment on this basis and the defendants filed an answer without leave of court. The trial court denied Anthony's request for default judgment.

{¶7}   The sole issue tried to the magistrate was whether Anthony was entitled to attorney's fees and costs as an exception to the American rule. The magistrate denied Anthony's request finding he had not met his burden by a preponderance of the evidence and ordered that based on the evidence, no exception to the American rule could be found which would allow the court to award his reasonable attorney's fees and costs. The trial court overruled Anthony's objections, and adopted the magistrate's decision.

### Attorney's Fees

{¶8}   In his first and second of four assignments of error, Anthony asserts:

THE RECORD EVIDENCE AT TRIAL PROVED BY A PREPONDERENCE OF THE EVIDENCE THAT THE APPELLEES' CONDUCT ESTABLISHED AS A MATTER OF LAW THAT HE WAS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER AN EXCEPTION TO THE AMERICAN RULE.

APPELLEES' COUNSEL WAS OPERATING WITH ACTUAL AND/OR APPARENT AUTHORITY WHEN HE SENT LETTERS TO APPELLANT THAT WERE LATER PROVEN TO BE FALSE AND/OR MISLEADING, AND WHICH LEAD TO LITIGATION BETWEEN THE PARTIES AND SUBSTANTIAL LEGAL FEES FOR APPELLANT.

{¶9}   The essence of Anthony's argument in these two assigned errors is that

Vito, Frank, John and their attorney's "bad faith, vexatious, wanton, obdurate and oppressive conduct" caused him to initiate this litigation, and that their conduct continued throughout the litigation. Anthony asserted in his objections, and reiterated on appeal, that "the key linchpin" to his claim for attorney fees was the conduct of the attorney representing Vito, John and Frank; specifically, letters sent by the attorney which contained false information and misstatements of the law.  Anthony further argues that John and Frank engaged in a course of conduct designed to turn Vito against him; and deprive Anthony of his personal and real property, thereby forcing him to institute this lawsuit and expend legal fees. Anthony contends that these actions constitute bad faith and justify an award of attorney's fees, that this evidence was discounted by the magistrate, and that the trial court erred as a matter of law by overruling his objections and failing to award attorney fees.

{¶10} Defendants counter that this matter was settled by the exchange of real and personal property, but Anthony "continued the hostilities" by filing two amended complaints seeking attorney's fees after the magistrate's decision memorializing the exchange was filed. They maintain that they had no interest in Anthony's property as all of the requested items were transferred to him. Further, John and Frank assert they were merely trying to assist Vito in his final years and they allege that this lawsuit was the result of thirty years of unfortunate family conflict.

{¶11} The standard of review on the issue of attorney fees is abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157, 160, 1995-Ohio-281, 648 N.E.2d 488. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50.

{¶12} Anthony's claim for attorney fees is procedurally and substantively problematic. With respect to procedural concerns, a month after the property exchange Anthony filed the first amended complaint. Anthony argues that the trial court granted him leave to file for attorney's fees, but a review of his motion for leave

demonstrates otherwise. Nothing was stated about attorney fees in the leave. Instead, Anthony sought leave to further litigate a monetary loss related to the real property, namely waste and back taxes, on Loveland Avenue. Similarly, there was no mention of attorney fees when Anthony sought leave to file his second amended complaint; again, Anthony stated that the purpose of amending his complaint for a second time was to more clearly set forth his damage claim. Thus, Anthony's claim for attorney fees is undercut procedurally. We next turn to his substantive argument.

**{¶13}** "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation." *Willborn v. Banc One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. (internal citations omitted) "Attorney fees may be awarded, as an exception to the American rule, as a part of the relief granted a petitioner in actions where the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." *State ex rel. Gerchak v. Tablack,* 117 Ohio App.3d 222, 226, 690 N.E.2d 93 (7th Dist.1997). A prevailing party is one in whose favor the decision or verdict is rendered and judgment entered. *See Collins v. York* 1st Dist. No. C–000125, 2000 WL 1867371, *1 (Dec. 22, 2000) quoting *Hagemeyer v. Sadowski*, 86 Ohio App.3d 563, 566, 621 N.E.2d 707 (6th Dist.1993).

**{¶14}** The First District has considered the implications of a settlement agreement on "prevailing party" status in *Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139 (1st Dist.) holding that by entering into a settlement agreement the plaintiff nullified the benefit of a successful defense against the defendant. Therefore, the plaintiff forfeited his status as the prevailing party. *Id.* at ¶1, ¶12.

**{¶15}** The same logic applies here. Anthony and the defendants resolved the issues before the trial court with the exchange of personal property which was memorialized with the filing of the magistrate's order. The order does not identify one side as the prevailing party. Both sides were required to exchange items of personal property, though Anthony only was required to return a shotgun. Accordingly,

Anthony is not entitled to attorney's fees as he is not a "prevailing party."

{¶16} Further, Anthony would not be successful under a bad faith analysis. The magistrate's decision and judgment entry outlined the testimony and reviewed the factual details of this matter at length, noting the history of discord and strife:

> As noted above, this case involves the tragic situation of intra-family conflict, pitting brother against brother, son against father, and bringing other family members into the vortex of the conflict. In this case, although the record does show that certain, specific incidents intensified the differences, this conflict originated decades ago and, since then, many resentments simmered beneath the surface until the incidents described in the testimony caused the irreparable breach that led to this lawsuit.

{¶17} After a thorough analysis the judgment entry concluded: "[b]ased upon the testimony and documents introduced at the trial, the court is unable to conclude that Vito, Frank, or John acted in a manner that could be described as 'bad faith, vexatious, wanton, obdurate, or for oppressive reasons'."

{¶18} The magistrate was in the best position to judge the credibility of the witnesses and evidence presented. Anthony does not take issue with the facts, but rather the magistrate and judge's interpretation of those facts, based upon the evaluation of the witnesses' demeanor and credibility. As the defendants readily concede, all of the parties involved had been through numerous years of family conflict. The magistrate and trial judge viewed the facts from an objective standard and cannot be said to have committed an abuse of discretion.

{¶19} We turn next to Anthony's second assignment of error regarding the letters sent by the defendants' attorney before the original complaint was filed. As noted above, Anthony asserts these are "the key linchpin" to his claim for attorney fees. Although the letters were unprofessional and exacerbated the family discord, the magistrate and the trial court did not abuse their discretion in finding the conduct

of the defendants and their attorney did not rise to the level warranting attorney fees.

**{¶20}** In sum, this case does not involve circumstances that warrant an exception to the American rule regarding attorney fees. Accordingly, Anthony's first and second assignments of error are meritless.

### Default Judgment on Liability

**{¶21}** In his third of four assignments of error, Anthony asserts:

> THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT
> A DEFAULT JUDGMENT ON THE ISSUE OF LIABILITY ONLY.

**{¶22}** A trial court's decision to grant or deny a motion for default judgment is reviewed on appeal for an abuse of discretion. *Fitworks Holding L.L.C. v. Sciranko*, 8th Dist. No. 90593, 2008–Ohio–4861, ¶ 4, citing *Discover Bank v. Hicks*, 4th Dist. No. 06CA55, 2007–Ohio–4448. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, 2013 WL 6687239, ¶ 50.

**{¶23}** The parties resolved the matter with the exchange of personal property at issue, as memorialized in a magistrate's decision. But then Anthony filed his first amended complaint. According to the leave, the basis of the amended complaint was for Anthony to state "with more particularity and detail" the monetary loss he suffered, specifically back real estate taxes and loss of rental income, due to the defendants' actions. Anthony stated that "such amendment to account for specific damages was contemplated in paragraph 8 of Plaintiff's Complaint, as well as the prayer clause of same." Defendants answered this amended complaint after being granted leave.

**{¶24}** Anthony then filed a second amended complaint, and in his motion seeking leave to do so stated that the purpose was to "more clearly set forth his damage claim." He said the "damages were generally and/or specifically pled to some extent and/or contemplated in paragraph 8, and paragraphs 18-25 of Plaintiff's Amended Complaint, as well as the prayer clause of same." Defendants concede

that they missed the deadline to file the answer to the second amended complaint. Anthony filed a motion for default judgment, after which the Defendants filed an answer and a motion for leave to file instanter a response to Anthony's default judgment motion.

**{¶25}** Anthony's argument is meritless for two reasons. First, granting Anthony a default judgment would be extreme and unwarranted. Defendants filed an answer and various motions. Clearly, they were actively participating in this matter throughout the proceedings.

**{¶26}** Secondly, and more importantly, neither of Anthony's motions for leave to file nor the two amended complaints sought attorney fees. Instead, they were filed with the stated purpose of clarifying and particularizing the damage claims relating to the real property. Both leaves to plead stated that the damages were generally pled in paragraph 8 of the original complaint. In the defendants' original answer they denied the allegations contained in paragraph 8. A default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action. Civ.R. 55(A). The defendants made an appearance and filed answers to both the original and the first amended complaint. As there were no new allegations raised in the second amended complaint, the defendants had no need to deny these allegations as they had denied all damages in both of their previously filed answers.

**{¶27}** Because the trial court properly denied default judgment, Anthony's third assignment of error is meritless.

### Review of Magistrate's Decision

**{¶28}** In his fourth and final assignments of error, Anthony asserts:

THE TRIAL COURT ERRED IN NOT CONDUCTING AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION DATED JUNE 9, 2014 BY DENYING APPELLANT'S REQUEST FOR ORAL ARGUMENT AND REPLICATING/DUPLICATING THE MAGISTRATE'S DECISION VERBATIM IN HER JUDGMENT ENTRY.

**{¶29}** In ruling on objections to a magistrate's decision, Civ.R. 53(D)(4)(d) requires a trial court to undertake an independent review of the objected matters to ascertain that the magistrate properly determined the factual issues and appropriately applied the law. *Bailey v. Marrero-Bailey,* 7th Dist. No. 10 BE 16, 2012–Ohio–894, ¶15. A decision to modify, affirm or reverse a magistrate's decision lies within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery,* 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50.

**{¶30}** When examining whether a trial court has conducted the required independent review of a magistrate's decision, appellate courts "generally presume regularity in the proceedings below, and, therefore, we generally presume that the trial court conducted its independent analysis in reviewing the magistrate's decision." *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47 (4th Dist.). Thus, a party who asserts that the trial court did not conduct such a review bears the burden of affirmatively demonstrating the trial court's failure to perform its duty. *Id.*

**{¶31}** When ruling on the magistrate's objections, the trial judge stated: "The Court finds that there is no reason for an oral hearing on the issues presented in the objections and therefore declines to conduct a hearing. Civ. R. 53(4)(d). The Court has undertaken an independent review as to the objected matters to ascertain that the Magistrate has properly determined the factual issues and appropriately applied the law in consideration of this matter."

**{¶32}** Anthony argues that the trial court did not conduct an independent review of the magistrate's decision demonstrated by the court "cavalierly not writing its own opinion after review of the transcript and exhibits in this matter" highlighted further by the "denial of oral argument in this matter." He contends that the trial court

needed to write its own opinion to demonstrate it conducted an independent review of the magistrate's decision before we can affirm its conclusion. We have previously stated the cutting and pasting of a magistrate's decision into a judgment entry does not show mere rubber-stamping. *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶ 26 (7th Dist.), citing *Schmidli v. Schmidli,* 7th Dist. No. 02 BE 63, 2003-Ohio-3274, ¶ 16.

**{¶33}** Further, Anthony's argument ignores the presumption in favor of the regularity of trial court proceedings mentioned above. Anthony has not presented anything to rebut the presumption that the trial court conducted the required independent analysis, even though he has the affirmative duty to demonstrate that the trial court did not conduct the required review. "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.,* 6th Dist. No. L-05-1197, 2006-Ohio-1992, ¶ 21. Accordingly, Anthony's fourth assignment of error is meritless.

**{¶34}** In conclusion, the trial court did not abuse its discretion in failing to award Anthony his attorney's fees or in denying his motion for default judgment. Nor did Anthony demonstrate that the trial court failed to conduct an independent review of the magistrate's decision. Accordingly, Anthony's assignments of error are meritless and the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.