[Cite as *Burke v. LaGar Marketing, Inc.*, 2021-Ohio-4151.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

SENEADA BURKE

    Appellee

v.

LAGAR MARKETING, INC.

    Appellant

C.A. No.    29868

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    20 CVF 03636

DECISION AND JOURNAL ENTRY

Dated: November 24, 2021

CALLAHAN, Judge.

{¶1} Appellant, LaGar Marketing, Inc. ("LaGar"), appeals from the judgment of the Akron Municipal Court dismissing its counterclaim. For the reasons set forth below, this Court reverses.

I.

{¶2} As an initial matter, we note that Appellee, Seneada Burke, has not filed an appellate brief. Accordingly, this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶3} On July 2, 2020, Ms. Burke filed an action in the small claims division against her landlord, LaGar, for the return of her security deposit and water deposit after she vacated the residential property. A mediation hearing was scheduled for July 31, 2020 and continued to

September 10, 2020.[1]  LaGar filed a counterclaim on September 3, 2020 for damages for the cost of the repairs to the residential property and for fines based upon lease violations.  On September 30, 2020, the trial court dismissed LaGar's counterclaim for failing to file an answer.[2]

{¶4}    LaGar appeals from this judgment entry, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN SUA SPONTE DISMISSING [LAGAR'S] COUNTERCLAIM.

{¶5}    In its sole assignment of error LaGar argues that the trial court erred when it sua sponte dismissed its counterclaim.  We agree.

{¶6}    In the instant matter, the trial court sua sponte dismissed LaGar's counterclaim because LaGar failed to file an answer to Ms. Burke's claim filed in the small claims division. The trial court's dismissal of the counterclaim appears to be an involuntary dismissal pursuant to Civ.R. 41(B)(1) and (C) for a failure to comply with the civil rules, namely Civ.R. 7(A), which states that "[t]here shall be a complaint and an answer * * *."  A trial court's dismissal of a counterclaim or cross-claim pursuant to Civ.R. 41(B)(1) and (C) is reviewed for an abuse of discretion.  *See Whitt v. Whitt*, 2d Dist. Greene No. 02-CA-20, 2003-Ohio-3047, ¶ 30, citing *Lloyd's Rentals v. Gault*, 9th Dist. Summit No. 15525, 1992 WL 236912, *1 (Sept. 23, 1992). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'"  *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

---

[1] The record is silent as to whether the mediation hearing was conducted.
[2] The judgment included Civ.R. 54(B) certification.

**{¶7}** Chapter 1925 of the Ohio Revised Code governs proceedings in the small claims division of a municipal court. Pursuant to R.C. 1925.16, proceedings in small claims courts are subject to the Ohio Rules of Civil Procedure, but only where the rules are not inconsistent with the procedures set forth in R.C. Chapter 1925. *See* Civ.R. 1(C)(4) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in small claims matters under Chapter 1925 of the Revised Code * * *.").

**{¶8}** R.C. Chapter 1925 does not contemplate the filing of an answer in a small claims action. *Bellbrook Firefighters Assn. v. Haus*, 2d Dist. Greene No. 2018-CA-43, 2019-Ohio-3194, ¶ 16. *See Bodmann v. Locations, Ltd.*, 10th Dist. Franklin No. 03AP-910, 2005-Ohio-1511, ¶ 15; 1970 Staff Note, Civ.R. 1(C). *See generally* R.C. 1925.05(A) (notice of the small claim filing to the defendant does not contemplate an answer being filed). Because "no answer is required in small claims matters[,]" *Firestone v. Rainer*, 4th Dist. Washington No. 79-CA6, 1980 WL 351005, *2 (Mar. 27, 1980), we conclude that the trial court abused its discretion when it dismissed LaGar's counterclaim for failing to file an answer to Ms. Burke's claim in the small claims court.

**{¶9}** LaGar's assignment of error is sustained.

### III.

**{¶10}** LaGar Marketing, Inc.'s assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

———

4

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

COLIN G. SKINNER, Attorney at Law, for Appellant.

SENEADA BURKE, pro se, Appellee.