[Cite as *Reisman v. Sanskar, L.L.C.*, 2025-Ohio-5203.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| SHELDON REISMAN, | : | APPEAL NO. | C-250154 |
|  |  | TRIAL NO. | 23CV17323 |
| Plaintiff-Appellant, | : |  |  |
| vs. | : |  |  |
|  |  | *JUDGMENT ENTRY* |  |
| SANSKAR, LLC, | : |  |  |
| Defendant-Appellee. | : |  |  |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/19/2025 per order of the court.**

**By:**_____
           **Administrative Judge**

[Cite as *Reisman v. Sanskar, L.L.C.*, 2025-Ohio-5203.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


SHELDON REISMAN,                          :          APPEAL NO.    C-250154
                                                     TRIAL NO.     23CV17323
    Plaintiff-Appellant,             :

  vs.                                     :
                                                          *O P I N I O N*
SANSKAR, LLC,                             :

    Defendant-Appellee.              :



Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 19, 2025


*Sheldon Reisman*, pro se,

*Brian F. Leurck*, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1} Pro se plaintiff-appellant Sheldon Reisman ("Reisman") appeals the trial court's judgment in favor of defendant-appellee Sanskar, LLC, ("Sanskar"). For the reasons set forth below, we overrule Reisman's four assignments of error and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} Reisman owns a mental health referral service. In March 2020, Reisman entered into a commercial lease with Catch All Properties, LLC, for an office space from which to operate his business. As part of the lease agreement, Reisman provided a $750 security deposit.

{¶3} Three years later, in March 2023, appellee Sanskar purchased the property Reisman was leasing from Catch All Properties, LLC. Pursuant to that purchase, the lease between Reisman and Catch All Properties, LLC, was transferred to Sanskar without any modifications. Sanskar received the security deposit as well.

{¶4} The lease provided for an initial month-to-month term of June 1, 2020, to December 1, 2020. Following the initial term, the lease would "renew for successive one-year terms unless cancelled in writing by either party at least sixty (60) days before the last day of the then current term[.]"

{¶5} Reisman attempted to terminate the lease in July 2023, returning his keys to Sanskar on July 7, 2023. He paid rent for the month of June, but not July.

{¶6} On July 19, 2023, Sanskar mailed Reisman a letter, demanding rent payment for the months of July, August, September, October, and November. Sanskar asserted that the lease agreement required Reisman to pay rent for those months, as the then current one-year term did not end until November 30, 2023.

{¶7} Reisman did not pay Sanskar as requested. Instead, he filed a small

3

claims action for $750 on August 8, 2023, alleging that Sanskar violated the terms of the lease by failing to return the security deposit.

{¶8} Twenty days later, on August 28, 2023, Sanskar filed a counterclaim for $3,750, requesting the court award the unpaid rent as well as late fees and legal fees. Sanskar filed an amended counterclaim on October 4, 2023, raising the requested amount to $5,950.

{¶9} The procedural posture in this case is lengthy, but important. The parties attended two hearings in front of the magistrate on October 19, 2023, and November 15, 2023. The magistrate issued her decision on December 14, 2023, finding that Reisman breached the lease by failing to pay rent until the end of November. Accordingly, the magistrate rendered judgment in favor of Sanskar for $3,882 for the unpaid rent, and scheduled a subsequent hearing to determine the amount of attorney's fees Reisman owed Sanskar. Reisman filed objections to this decision on December 28, 2023. The trial court overruled those objections and adopted the magistrate's decision on January 12, 2024.

{¶10} The magistrate awarded $2,118 in attorney's fees to Sanskar on January 25, 2024. Reisman filed objections to this award on February 12, 2024. The next day, he moved for a stay of judgment pending appeal.

{¶11} Reisman attempted to appeal on February 14, 2024. This court dismissed that appeal for lack of a final appealable order on February 29, 2024.

{¶12} Meanwhile, on February 16, 2024, the trial court denied both of Reisman's objections to the magistrate's award of attorney's fees and his motion for a stay of judgment. Critically, the trial court denied these motions after Reisman had filed his appeal, but before this court had dismissed it for lack of a final appealable order.

4

**{¶13}** The trial court adopted the magistrate's decision awarding attorney's fees, for a total award of $6,000 to Sanskar, on March 12, 2024.

**{¶14}** Almost a year later, in February 2025, Reisman filed a motion for a stay and a "Motion for Reconsideration, and in the Alternative, Motion to issue a New Judgment Entry in Favor of Defendant." On February 26, 2025, the trial court issued an order (1) denying Reisman's motion to set aside the judgment, (2) denying Reisman's motion to reconsider, (3) and denying Reisman's objections. After those motions were denied, Reisman filed this appeal.

**{¶15}** On appeal, Reisman raises four assignments of error, arguing procedural issues. Sanskar does not respond to the merits of Reisman's claims in its brief. Instead, it argues that Reisman filed this appeal outside of the statutory time limits, and therefore this court should dismiss it.

## II. Analysis

### A. First Assignment of Error

**{¶16}** In his first assignment of error, Reisman argues that the trial court failed to obtain personal jurisdiction over him on Sanskar's amended counterclaim because he did not receive service of Sanskar's amended counterclaim. Reisman argues that without proper service, the trial court's judgments ruling on Sanskar's amended counterclaim are void.

**{¶17}** A trial court's finding that service of process was accomplished is reviewed on appeal for an abuse of discretion. *Simpson v. Simpson*, 2024-Ohio-4, ¶ 29 (1st Dist.), citing *Belisle Constr. Inc. v. Perry*, 2022-Ohio-239, ¶ 22 (3d Dist.). An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶18}** The Ohio Supreme Court has recognized the importance of obtaining personal jurisdiction over a defendant. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984) ("It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant.") Service of process is one way a court may obtain personal jurisdiction over a defendant. *Id.* However, another way courts exercise personal jurisdiction over a defendant is by "the voluntary appearance and submission of the defendant[.]" *Id.* The Supreme Court in *Maryhew* reasoned that the appearance and submission of the defendant could constitute a waiver of the defense of lack of jurisdiction under the Rules of Civil Procedure. *Id.*

**{¶19}** It is not immediately clear from the record whether Reisman received proper service of the amended counterclaim. However, upon review, we hold that by substantially participating in the litigation, Reisman submitted to the jurisdiction of the trial court and waived insufficient service of process as an affirmative defense. *See, e.g., Edelstein v. Edelstein*, 2025-Ohio-4686, ¶ 10 (1st Dist.) (holding that a defendant waived the defense of insufficient service of process by participating in the litigation and failing to raise the defense prior to the hearing).

**{¶20}** To preserve the defense of insufficient service of process, a party must generally raise it in a responsive pleading. *See, e.g., Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 2007-Ohio-3762, ¶ 6; *Ackman v. Mercy Health West Hosp., LLC,* 2023-Ohio-2075, ¶ 9 (1st Dist.). Usually, under Civ.R. 12(H)(1), "service-based affirmative defenses are waived 'if a motion is made raising other Civ.R. 12(B) defenses and [the defenses are] not included in that motion, or if there is no such motion, [they are] not raised by separate motion or included in the responsive pleading.'" *Ackman* at ¶ 7, quoting *Gliozzo* at ¶ 9.

**{¶21}** In *Gliozzo*, the defendants "properly raised the affirmative defense of

insufficiency of service of process by including it in their answer[.]" *Gliozzo* at ¶ 12. Therefore, the Ohio Supreme Court held that the defendants could "seek dismissal of the case for insufficiency of service, even though they had mounted a vigorous defense upon the merits." *Id.* Similarly, in *Ackman*, this court held that because a party had raised an insufficient service defense in his answer, he did not waive the defense, even though he had participated in the litigation. *Ackman* at ¶ 11.

**{¶22}** The instant case is unlike *Ackman* or *Gliozzo*. Reisman did not raise the defense of improper service of the amended counterclaim via motion or otherwise.[1] Sanskar filed the amended counterclaim on October 4, 2023. The parties appeared in front of the magistrate on October 19, 2023. Thus, if not by motion, Reisman's first opportunity to object to service was at the October 19 hearing.

**{¶23}** But Reisman did not raise this defense at the October 19 hearing. Instead, he actively participated in the hearing by presenting his case, participating as a witness, and cross-examining adverse witnesses.

**{¶24}** The magistrate continued the hearing to November 15, 2023. Reisman again failed to raise the defense of improper service at the November 15 hearing. The magistrate issued a judgment a month later, on December 14. The first time Reisman raised the defense of insufficient service was in his objections to the magistrate's December 14 decision.

---

[1] We note, because this is small claims, the Rules of Civil Procedure are only applicable to the extent that they do not conflict with R.C. Chapter 1925 (the chapter governing small claims). *See* Civ.R. 1; R.C. 1925.16. "R.C. Chapter 1925 does not contemplate filing of an answer in a small claims action." *Burke v. Lagar Mktg.*, 2021-Ohio-4151, ¶ 8 (9th Dist.); *accord, e.g., Bellbrook Firefighters Assn. v. Haus*, 2019-Ohio-3194, ¶ 16 (2d Dist.). Further, Civ.R. 12(B) states, "If a pleading sets forth a claim for relief t*o which the adverse party is not required to serve a responsive pleading*, he may assert at the trial any defense in law or fact to that claim for relief." (Emphasis added.) Thus, we are not suggesting that Reisman was *required* to file a motion in this case. However, given the procedural posture in this case, a motion was certainly one way in which he could have raised this defense.

**{¶25}** We hold that by failing to raise the defense of insufficient process at the earliest opportunity, and by substantially participating in the litigation, Reisman did not properly preserve this defense. Accordingly, the trial court did not abuse its discretion by exercising personal jurisdiction over Reisman on Sanskar's counterclaim. The first assignment of error is overruled.

### B. Second Assignment of Error

**{¶26}** Next, Reisman argues that the trial court should not have considered Sanskar's amended counterclaim because it was filed outside of the statutory time limits.

**{¶27}** A trial court's decision to allow amendment of a pleading is reviewed for an abuse of discretion. *Siegel v. Lifecenter Organ Donor Network*, 2011-Ohio-6031, ¶ 51 (1st Dist.), citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 121-122 (1991). Civ.R. 15(A) states, "A party may amend its pleading once as a matter of course within twenty-eight days after serving it. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Fiani v. Worldpay, LLC,* 2024-Ohio-304, ¶ 17 (1st Dist.).

**{¶28}** Here, Reisman filed his original complaint on August 8, 2023. Sanskar filed its original counterclaim on August 28, 2023.[2] Sanskar then filed its amended counterclaim on October 4, 2023. Thus, Sanskar filed its amended counterclaim 37 days after filing the original counterclaim.

**{¶29}** On paper, Sanskar did file the amended counterclaim outside of the 28-day period afforded by the Civil Rules. But this is a small claims action. The Eighth District has held that "in [small claims actions], 'the procedural rules are somewhat

---

[2] Sanskar did not file an answer. But parties are not required to file answers in small claims court. *Coleman v. Gerdsen*, 1994 Ohio App. LEXIS 5580 (1st Dist. Dec. 14, 1994).

relaxed compared to a normal civil action' and '[p]arties are given a greater degree of latitude[.]'" *Gibson v. Shepard*, 2017-Ohio-1157, ¶ 34 (8th Dist.), quoting *Karnofel v. Watson*, 2000 Ohio App. LEXIS 2770, *5 (11th Dist. June 23, 2000). Other districts have also recognized that in small claims court, the procedural rules are somewhat relaxed in order to accommodate pro se litigants. *See, e.g., Greenwood v. Quality Motor Cars by Butch Miller*, 2016-Ohio-8172, ¶ 13 (7th Dist.) ("the rules of procedure are more relaxed in small claims court"); *Eddy v. Big Show*, 2022-Ohio-34, ¶ 8 (9th Dist.) ("the Ohio rules of Civil Procedure are 'relaxed' in small claims cases"). The Seventh District has referred to small claims court as a "layman's forum[.]" *Stull v. Budget Interior*, 2002-Ohio-5230, ¶ 11 (7th Dist.).

{¶30} The "relaxed rules" of small claims court are for the primary benefit of pro se litigants. Here, Sanskar was represented by counsel, and therefore the late filing could be attributed to the fault of a legal professional. But small claims courts have discretion to freely allow parties to amend claims. In fact, the court may allow claims to be amended at any time before judgment. *See* R.C. 1925.09. Further, Reisman participated in the litigation over the contents of the counterclaim, which could constitute a waiver of this defense.

{¶31} The primary purpose of small claims court is to provide an accessible forum for pro se litigants to resolve disputes. Parties in these forums, regardless of representation, should enjoy the "relaxed rules" designed to effectuate the purpose of small claims courts. Accordingly, the trial court did not abuse its discretion by considering the merits of Sanskar's amended counterclaim. We therefore overrule Reisman's second assignment of error.

### C. Third Assignment of Error

{¶32} Reisman's third assignment of error states that the trial court

9

committed reversible error by not issuing an opinion independent of the magistrate's decision.

**{¶33}** At the outset, it is important to note that Reisman misstates the proper standard of review. We review assertions that the trial court failed to independently review the magistrate's factual determinations under an abuse of discretion standard. *In re L.A.*, 2014-Ohio-894, ¶ 9 (1st Dist.). "A trial court abuses its discretion in sustaining an objection to a factual determination of the magistrate if the trial court fails to independently review the evidentiary basis for the . . . determination[.]" *Id.*, quoting *In re Seldon / Boyd Children*, 2007-Ohio-5123, ¶ 11 (1st Dist.).

**{¶34}** If a party does not file objections to a magistrate's decision, "the court may adopt the magistrate's decision, unless it determines there is an error of law or other defect evidence on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). But when a party files objections to a magistrate's decision, the trial court must perform "an independent review as to the objected matters." *Smith v. Platinum Prop Mgt.* 2024-Ohio-5687, ¶ 9, quoting Civ.R. 53(D)(4)(d).

**{¶35}** The magistrate issued two decisions in this case. The first decision, on December 14, 2023, included findings of fact, and ultimately found that Reisman had breached the lease. The second decision, issued on January 25, 2024, awarded attorney's fees to Sanskar. Reisman filed objections to both decisions. Thus, because Reisman filed objections, the trial court had a duty to independently review both sets of objections. *Id.*

**{¶36}** "When examining whether a trial court has conducted the required independent review of a magistrate's decision, appellate courts 'generally presume regularity in the proceedings below, and, therefore, we generally presume that the trial court conducted its independent analysis in reviewing the magistrate's decision.'"

*Marafiote v. Estate of Marafiote*, 2016-Ohio-4809, ¶ 30 (7th Dist.), quoting *Mahlerwein v. Mahlerwein*, 2005-Ohio-1835, ¶ 47 (4th Dist.). The burden is on the party asserting that the trial court did not conduct an independent review to demonstrate that the trial court failed to perform its duty. *Marafiote* at ¶ 30.

**{¶37}** Although the trial court must conduct an independent review of the objected matters, it need not author its own separate opinion. *See id.* at ¶ 32. The Seventh District has stated that "the cutting and pasting of a magistrate's decision into a judgment entry does not show mere rubber-stamping." *Id.*, citing *Ramos v. Khawli*, 2009-Ohio-798, ¶ 26 (7th Dist.).

**{¶38}** Reisman contends that because the trial court did not explain its reasons for adopting the magistrate's decisions, or specifically address his objections regarding improper service and failure to mitigate, the trial court did not perform an independent review. But "[t]he fact that a trial court overrules a party's objections to a magistrate's decision and adopts that decision without a detailed explanation 'does not show a lack of an independent review[.]'" *JCASA v. Dean*, 2021-Ohio-380, ¶ 22 (8th Dist.), quoting *Millers v. Kasnett*, 2015-Ohio-298, ¶ 21 (8th Dist.); *see Calhoun v. Calhoun*, 2021-Ohio-4551, ¶ 25 (7th Dist.) ("While the better practice would arguably be for the trial court to specifically address the objections, we cannot conclude the trial court abused its discretion or failed to comply with Civ.R. 53(D)(4)(d) in this case.").

**{¶39}** Reisman also argues that the judge's failure to sign one of the pages of the order adopting the decision of the magistrate indicates a lack of independent review. Reisman attempts to analogize the instant case to one of our previous cases, *Smith v. Platinum Prop. Mgmt.*, 2024-Ohio-5687 (1st Dist.). In *Smith*, this court had to determine whether an unsigned entry constituted a valid final judgment for the

purposes of appeal. *Smith* at ¶ 31. In *Smith*, the unsigned document was the judgment entry. *Id.* In the current case, the unsigned document is the document stating that the trial court had independently reviewed the matter.

**{¶40}** Reisman's comparison to *Smith* is flawed. The judge in this case signed the first and second pages—the judgment entry and the entry denying Reisman's objections to the magistrate's decision. The judge failed to sign the third page, which specifically indicated that the trial court had conducted an independent review of the objected-to matters. However, the judge did check the box verifying the independent review and fill out the case caption.

**{¶41}** At worse, this appears to be a careless mistake on the part of the trial judge. While we do not condone failing to sign documents, this mistake does not indicate that the trial court abused its discretion by failing to independently review the objected-to matters. Accordingly, Reisman's third assignment of error is overruled.

### D. Fourth Assignment of Error

**{¶42}** Reisman's fourth and final assignment of error is a blanket assertion that both judgments issued by the trial court are not valid judgments in the State of Ohio. Some of Reisman's arguments under this assignment are duplicative of issues raised in his first three assignments of error. To the extent that the issues overlap, we decline to address them again.

**{¶43}** "To enter a valid judgment, a trial court must comport with Ohio's Rules of Civil Procedure, which require that a judgment be '[1] a written entry [2] ordering or declining to order a form of relief, [3] signed by a judge, and [4] journalized on the docket of the court.'" *Smith*, 2024-Ohio-5687, at ¶ 6 (1st Dist.), quoting Civ.R. 54(A).

**{¶44}** The trial court's orders meet these criteria. Accordingly, we hold that the judgments issued by the trial court in this case constitute valid judgments.

**{¶45}** At one point, Reisman appears to suggest that the judgments are not final appealable orders. Given the complicated procedural history in this case, we feel the need to address this assertion. Further, Sanskar's sole argument in its brief is that this appeal is untimely filed and should be dismissed. Accordingly, the following analysis will address that argument as well.

**{¶46}** Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal . . . within 30 days of that entry." The trial court entered its second judgment entry in this case on March 12, 2024. Sanskar contends this date is when the 30-day clock began to run in this case.

**{¶47}** But the problem is that on March 12, 2024, the trial court had yet to properly rule on Reisman's second set of objections. The court attempted to rule on them on February 16, 2024. However, the court lacked jurisdiction to rule on the objections on that date, because Reisman had filed an appeal two days earlier. Therefore, the trial court lacked jurisdiction to rule on the objections on February 16, because the case was on appeal. This court dismissed Reisman's first appeal on February 29, 2024, because there was no final appealable order, as the court had yet to rule on the objections.

**{¶48}** A year later, on February 26, 2025, the trial court ruled on the second set of objections. Now, the court had jurisdiction to do so, because the case was no longer on appeal. The date of the final appealable order in this case, and the date the 30-day clock began to run, is February 26, 2025. Reisman filed this appeal 15 days later, on March 12, 2025. Thus, this appeal was timely filed, and we have jurisdiction to consider its merits.

**{¶49}** The fourth and final assignment of error is overruled.

### *III. Conclusion*

**{¶50}** Because we find no error, we affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.